UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BENJAMIN KELLY,
     Petitioner,

vs.                                      Case No.:  4:22cv363/MW/ZCB

RICKY D DIXON,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Benjamin Kelly, has filed a habeas corpus petition under 28 U.S.C.

§ 2254.  (Doc. 1).  Respondent has moved to dismiss, arguing that the petition was

untimely filed.  (Doc. 13).  Petitioner has responded in opposition, and the matter is

ripe for decision.[1]  (Doc. 17).  For the reasons below, Respondent's motion to

dismiss should be granted.

## I.    Background

A state court jury in Leon County, Florida convicted Petitioner of three counts

of armed robbery and three counts of false imprisonment.  (Doc. 13-3).  The state

court sentenced Petitioner to life imprisonment on the armed robbery counts and ten

years on each of the three false imprisonment counts.  (*Id.*).  Petitioner appealed, and

---

[1] The Court believes this matter can be resolved based on the pleadings and attachments without an evidentiary hearing.  Rule 8(a), Rules Governing Section 2254 Cases.

the First District Court of Appeal affirmed without a written opinion on April 5, 2012.  (Doc. 13-10); *Kelly v. State*, 84 So. 3d 1033 (Fla 1st DCA 2012).  Petitioner did not seek further direct appellate review.  Nor did he file any motion for state post-conviction relief within one year of his conviction becoming final.  Petitioner later filed several state post-conviction motions under Rule 3.850 of the Florida Rules of Criminal Procedure, all of which were unsuccessful.  (Docs. 13-13, 13-21, 13-22).  Petitioner then filed the current 28 U.S.C. § 2254 habeas corpus petition in this Court on October 5, 2022.  (Doc. 1 at 22).  Respondent has moved to dismiss, arguing it was filed after the one-year limitations period in 28 U.S.C. § 2244(d)(1) had expired.  (Doc. 13).  Petitioner has responded by arguing that he is entitled to equitable tolling.  (Doc. 17).

## II.    Discussion

### A.    The § 2254 petition was untimely filed.

Respondent argues that dismissal is warranted because Petitioner filed his § 2254 petition after the one-year limitations period had expired.  A one-year limitations period applies to the filing of a § 2254 habeas petition by an inmate in state custody.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period runs from the latest of:

>        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also includes a tolling provision, which provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Respondent contends, and Petitioner does not appear to dispute, that the trigger for the one-year period in this case is the date the judgment became final under § 2244(d)(1)(A). (Doc. 13 at 4). Petitioner's judgment became final when the ninety-day window to seek review in the Supreme Court of the United States closed. *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1237 (11th Cir. 2004). That ninety-day period started running on April 5, 2012—the date the First District Court of Appeal affirmed Petitioner's conviction. S. Ct. Rule 13. Petitioner's conviction

3

became final ninety days later, on July 5, 2012.[2]  *See Nix*, 393 F.3d at 1236-37.  The federal limitations period expired one year later, on July 5, 2013.  *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Although Petitioner subsequently filed state court post-conviction motions under Rule 3.850 of the Florida Rules of Criminal Procedure, none of those motions were filed before the one-year limitations period expired on July 5, 2013.  Thus, the filing of those motions did not toll the one-year limitations period.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *see also Bell v. Sec'y, Dept. of Corr.*, No. 4:12-cv-150/MW/GRJ, 2013 WL 2352736, at *3 n.1 (N.D. Fla. May 29, 2013) (explaining than an "untimely state postconviction filing would not toll the limitations period, because the limitations period had already expired").  Because Petitioner filed his § 2254 petition after the one-year limitations period had expired, his petition was untimely.

---

[2] Petitioner's judgment became final after ninety-one days because the ninetieth day was a holiday.  (Doc. 13 at 4) (citing Fed. R. Civ. P. 6).

**B.    Petitioner is not entitled to equitable tolling.**

Although Petitioner agrees that he filed his § 2254 petition late (Doc. 17 at 1), Petitioner claims that dismissal is unwarranted because of equitable tolling.  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up).  As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly."  *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (cleaned up).

The petitioner bears the burden of showing entitlement to equitable tolling. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).  Meeting that burden requires supporting allegations that are "specific and not conclusory." *Id*.  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."  *Id*. (cleaned up).  A "petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing."  *Id*.

Here, Petitioner has not met his burden of establishing that this is one of the "rare and exceptional," *Hunter*, 587 F.3d at 1308, cases where equitable tolling applies.  Petitioner has neither shown that he acted with reasonable diligence nor that an extraordinary circumstance prevented him from meeting the filing deadline.

5

Plaintiff blames the delay in filing his petition on gaps in his own legal knowledge, as well failures by prison law clerks assigned to help him.   (Doc. 17 at 2).   But Plaintiff's "lack of legal knowledge and reliance on an institutional law clerk to assist him are not rare and exceptional circumstances."  *Grant v. Inch*, No. 5:20cv108, 2021 WL 968957, at *4 (N.D. Fla. Feb. 2, 2021); *see also Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (holding that "confusion or ignorance about the law" is not sufficient to justify equitable tolling); *Peterson v. Sec'y, Dep't of Corr.*, No. 6:08–cv–159, 2012 WL 12929728, at *1 (M.D. Fla. June 26, 2012) ("Petitioner's lack of education, ability to read, and pro se status are not considered extraordinary circumstances that would excuse an untimely federal habeas petition.").

Petitioner also appears to claim that the Covid-19 pandemic interfered with his ability to file a timely petition. (Doc. 1 at 19).  Although the Covid-19 pandemic certainly interfered with a lot of things, Petitioner's ability to timely file his habeas petition was not one.  That is so because the one-year limitations period in this case expired on July 5, 2013—more than six years before the first case of Covid-19 was diagnosed in the United States.  Thus, the Covid-19 pandemic does not justify equitable tolling in this case.

And lastly, to the extent Plaintiff argues that being separated from his legal documents warrants equitable tolling, "periods in which a prisoner is separated from

6

his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *see also Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (affirming denial of equitable tolling because the petitioner's "transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances"). Because Petitioner has failed to demonstrate that he is entitled to equitable tolling, his § 2254 petition is subject to dismissal as untimely.[3]

---

[3] Petitioner's reliance on *Maples v. Thomas*, 565 U.S. 266 (2012) is misplaced. What happened in *Maples* is much different than what happened here. In *Maples*, the petitioner was represented by attorneys who had filed notices of appearance in his case. The attorneys, without ever informing the petitioner or the court, left their firm while the petitioner's case was pending and failed to arrange for substitute counsel. When the trial court entered an order denying the petitioner relief, the order was sent to his attorneys at their old address. The petitioner, because he was supposedly represented, did not receive a copy of the order. The postal service returned the copy of the order sent to his attorneys because they were no longer at the address. Without the petitioner ever knowing of the order (or that his attorneys were no longer representing him), the time to appeal the order expired. The *Maples* Court determined that the petitioner had shown "cause" to excuse his procedural default because his attorneys had abandoned him. *Id*. at 283. According to the Court, "a client cannot be charged with the acts or omissions of an attorney who has abandoned him." *Id*. And the Court pointed out that the failure of the attorneys to inform the trial court of their withdrawal meant that the petitioner did not receive personal notice of the order, which prevented him from taking steps to represent himself *pro se* before the appeal deadline expired. *Id*. at 289. In the current case, Petitioner's failure to file his habeas petition before the one-year limitations period expired was not caused by a lack of notice regarding the filing of a court order because an attorney had abandoned Petitioner's case. Here, all Petitioner has provided is a conclusory allegation that an inmate law clerk—not an attorney—abandoned him. (Doc. 17 at 2). Even assuming that the rule of *Maples* would apply to non-attorney inmate law clerks, Petitioner has provided no explanation regarding

### III.    Conclusion

For the reasons above, Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus should be dismissed as untimely.

### IV.    Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve

---

how the law clerk's "abandonment" prevented Petitioner from filing his habeas petition on time.    *See generally Robinson v. State Att'y for Fla.*, 808 F. App'x 894, 898 (11th Cir. 2020) (cleaned up) (stating that "mere conclusory allegations . . . are insufficient" to warrant equitable tolling).

8

encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). Petitioner cannot make that showing in this case. Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if either party wishes to submit arguments on the issue of a certificate of appealability that party may do so in an objection to this Report and Recommendation.

Accordingly, it is **RECOMMENDED** that:

1.    Respondent's motion to dismiss (Doc. 13) be **GRANTED**.

2.    The 28 U.S.C. § 2254 petition for a writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice** as untimely.

3.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3rd day of October 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of**

9

the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.