IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BENJAMIN KELLY,

    *Petitioner*,

v.                                    Case No.: 4:22cv363-MW/ZCB

RICKY D. DIXON,

    *Respondent*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 18, and has also reviewed *de novo* Petitioner's objections, ECF No. 19.

Petitioner raises one argument, but it does not help his claim. Petitioner argues that his 28 U.S.C. § 2254 petition should not be dismissed as untimely because he is entitled to equitable tolling. ECF No. 19. Specifically, Petitioner argues that he is entitled to equitable tolling because of his lack of education, the failures of inmate law clerks assisting him, and the inmate law clerk depriving him of his legal papers. *Id.* at 1–2. This argument fails. "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). As the Magistrate Judge aptly noted, lack of education does not qualify as an extraordinary circumstance that warrants equitable tolling. *See Perez v. Fla.*, 519 F.

App'x 995, 997 (11th Cir. 2013) (holding that "a lack of a legal education and related confusion or ignorance about the law" is not an extraordinary circumstance warranting equitable tolling). Nor does an inmate's reliance on the erroneous advice of an inmate clerk. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990) (holding that poor advice from inmate law clerks during collateral proceedings will not establish petitioner's claim of cause for a procedural default as there is no right to legal counsel in such proceedings). Nor does an inmate's separation from his legal papers. *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (noting "that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate"). Accordingly,

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 18, is **accepted and adopted**, over Petitioner's objections, as this Court's opinion.

2. Respondent's motion to dismiss (Doc. 13) is **GRANTED**.

3. Petitioner's 28 U.S.C. § 2254 petition, ECF No. 1, is **DENIED**.

4. The Clerk shall enter judgment stating, "The 28 U.S.C. § 2254 petition for a writ of habeas corpus (Doc. 1) is **DISMISSED with prejudice** as untimely."

5. This Court finds that Petitioner is not entitled to a certificate of appealability.

6. The Clerk shall close the file.

**SO ORDERED on October 27, 2023.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
